United States District Court
Middle District of Florida
Orlando Division

**JAMES DANIEL JAMISON,**

  *Plaintiff,*

v.           **NO. 6:21-cv-530-GKS-PDB**

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

  *Defendant.*

## Report & Recommendation

This is an action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), to review a final agency decision denying James Jamison's application for supplemental security income. Doc. 1. The Acting Commissioner of Social Security answered the complaint and filed the administrative record. Docs. 17, 18. Jamison filed a brief in support of the complaint. Doc. 22.

The Acting Commissioner now moves for an order reversing the final decision and remanding the case. She explains:

> The [Acting] Commissioner believes that remand would be appropriate for further administrative proceedings. Specifically, the agency will further consider the borderline age situation and explain its consideration of the issue; take any further action needed to complete the administrative record; and issue a new decision.

Doc. 25 at 1. Jamison has no objection. Doc. 25 at 1.

When reviewing a final agency decision, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision … with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)).

Considering the absence of opposition and the authority above, I recommend:

1. **granting** the Acting Commissioner's motion to remand, Doc. 25;

2. **reversing** the agency decision under sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3);

3. **remanding** the case for the Acting Commissioner to "further consider the borderline age situation and explain [her] consideration of the issue; take any further action needed to complete the administrative record; and issue a new decision"; and

4. **directing** the clerk to enter judgment in favor of James Jamison and against the Acting Commissioner of Social Security and close the file.

**Deadlines for Objections and Responses to Objections**

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no

specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

    **Entered** in Jacksonville, Florida, on January 24, 2022.

                                                  PATRICIA D. BARKSDALE
                                                  *United States Magistrate Judge*

c:      The Hon. G. Kendall Sharp
       Counsel of Record